UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BOARD OF TRUSTEES, ETC. ET AL. | CIVIL ACTION |
| VERSUS | NO. 05-1221 |
| GABRIEL, ROEDER, ETC. ET AL. | SECTION "F" (2) |

### ORDER ON MOTION

APPEARANCES:  None (on the briefs)

MOTION:   Motion for Intervention, Record Doc. No. 39

O R D E R E D:

 XXX : GRANTED. Although this motion seeks to add a new party after a scheduling order has been put into place, it was specifically referred to me by Judge Feldman's order filed on July 21, 2006. Record Doc. No. 49. Trial is scheduled for January 8, 2007, with a final pretrial conference scheduled on December 19, 2006. Record Doc. No. 37.
    In this motion, movant seeks to intervene, either as a matter of right or, alternatively, as a permissive intervention. Plaintiffs oppose the motion. Record  Doc. No. 47. Plaintiffs are the Board of Trustees of the New Orleans ILA AFL-CIO Pension Fund and its largest contributing employer.  The proposed intervenor is the New Orleans ILA Pensioners Association, a group of participants in the plaintiff pension fund. Plaintiffs' claim against defendants is that defendants' alleged professional malpractice, negligence and unfair trade practices caused the pension fund to suffer damages of at least $10 million. The proposed intervention alleges that the plaintiff board of trustees breached various duties to the intervenors, thus causing, contributing to or permitting the losses that are the subject of the main claim. As participants in the plaintiff pension fund, intervenor's interest in this litigation and the transactions that are its subject are manifest and obvious.

Fed. R. Civ. P. 24(a) governs intervention of right. It provides: "Upon <u>timely</u> application, anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers <u>an unconditional right</u> to intervene; <u>or</u> (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action <u>and</u> the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties" (emphasis added).

I cannot conclude that the intervention posed by this motion is an intervention of right. Movants have cited no statute of the United States that confers an unconditional, or even a conditional, right to intervene. The only statute cited by intervenors is a subsection of ERISA, 29 U.S.C. § 1132(a)(1)(B), which merely creates a certain kind of cause of action in intervenor's favor, but does not confer an unconditional – or even conditional – right to intervene in a main claim of the sort asserted by plaintiffs. While movant clearly claims an interest in the transaction that is the subject of the main action, I cannot conclude that the proposed intervenor is so situated that disposition of the action without its participation may as a practical matter impair or impede its ability to protect that interest. On the contrary, it appears that the interests of intervenor and plaintiffs in making a recovery for the pension fund from defendants are substantially similar.

On the other hand, it appears that granting the alternatively requested permissive intervention is appropriate. Permissive intervention is governed by Fed. R. Civ. P. 24(b), which provides in pertinent part: "Upon <u>timely</u> application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; <u>or</u> (2) <u>when an applicant's claim or defense and the main action have a question of law or fact in common.</u> . . . In exercising its <u>discretion</u> the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties" (emphasis added).

The concept of "timeliness" in connection with motions for leave to intervene is a flexible one which is left to the sound discretion of the trial court. 7C C. Wright, A. Miller, M. Kane, <u>Federal Practice and Procedure</u> § 1916 at 422 (West 1986) (hereinafter "Wright & Miller") (citing <u>McDonald v. E.J. Lavino Co.</u>, 430 F.2d 1065, 1074 (5th Cir. 1970). In exercising its discretion, the court considers a variety of factors, including whether the intervention is permissive or as of right; whether the applicant was in a position to seek intervention at an earlier stage of the case; whether the delay in seeking to intervene has been undue in light of the applicant's awareness of the litigation; whether the delay in seeking the intervention will prejudice the existing parties to the lawsuit and the would-be intervenor; whether permitting the intervention will delay termination of the litigation; and any unusual circumstances that bear upon the timeliness

of the application.  Save Our Springs Alliance Inc. v. Babbitt, 115 F.3d 346, 347 (5th Cir. 1997); Wright & Miller, § 1916 at 422-43.

In this instance, I conclude that the claims of the proposed intervenors present a question of fact in common with the main claims. The main claims allege losses in the subject pension fund. The intervenors are participants in that fund. They allege that the losses were caused or contributed to by the fault or breaches of duty of plaintiffs, including in the manner in which plaintiffs dealt with defendants.  In short, the claims of the intervenors are factually related to the claims of the plaintiffs and relate to a determination of whose fault – defendants, plaintiffs or both – caused the losses to the pension fund, even if the claims differ in the precise legal theories on which they are based.  Under the circumstances presented by this case, resolution of these factually related claims in the same lawsuit is the most efficient mode of proceeding.

In addition, I find that the intervention is timely. Although the case was filed about 17 months ago, on April 1, 2005, plaintiffs failed to serve process for almost three months thereafter.  Record Doc. Nos. 4 and 5. An answer was not filed until July 19, 2005, and the first scheduling conference set for August 30, 2005, was canceled when the court was closed due to Hurricane Katrina. Record Doc. No. 10. The first -- since replaced -- scheduling order in this case was not entered until January of this year, Record Doc. No. 12. While some written discovery has occurred since then, no substantive motions have been decided or are pending.

Little more than three weeks ago, the court entered a new scheduling order. Record Doc. No. 37. Of course, the scheduling order contains no deadline for interventions, but the deadline for other forms of pleading that might have added new parties or claims was June 18, 2006, and the instant motion was filed only one day later on June 19, 2006. Trial is not scheduled to occur until January 2007. There remains ample time for discovery and other pretrial activities. The record contains no notices of depositions, and plaintiffs' opposition memorandum concedes that the parties have only now "begun scheduling depositions." Record Doc. No. 47 at p. 13. Thus, it appears that the intervention would not prejudice any parties in their ability to prepare the case for trial.  Under these circumstances, I cannot find that the delay in asserting the intervention has been undue or that permitting it will delay termination of the litigation.

For all of the foregoing reasons, the motion is granted as a discretionary permissive intervention under Rule 24(b).  The intervenor is specifically instructed that the court has established deadlines for expert reports, witness and exhibit lists, pretrial

3

motions, completion of discovery and other matters in Record Doc. No. 37, and the intervenor must familiarize itself with the record and comply with these deadlines.

                New Orleans, Louisiana, this __26th__ day of July, 2006.

                              JOSEPH C. WILKINSON, JR.
                            UNITED STATES MAGISTRATE JUDGE

cc: Hon. Martin L.C. Feldman