UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BOARD OF TRUSTEES NEW ORLEANS
EMPLOYERS INTERNATIONAL
LONGSHOREMEN'S ASSOCIATION,
AFL-CIO PENSION FUND and P&O PORTS         CIVIL ACTION
LOUISIANA, INC.

v.                                         NO. 05-1221

GABRIEL, ROEDER, SMITH & COMPANY           SECTION "F"
and THEORA BRACCIALARGHE


ORDER AND REASONS

Before the Court is plaintiffs' motion for reconsideration of the Magistrate Judge's order on the motion to intervene and, alternatively, plaintiffs' motion to sever NOEPA's claims. For the reasons that follow, the plaintiffs' motions are DENIED.


Background

The plaintiff in this case is the Board of Trustees for a multiemployer, defined benefit pension plan (Plan) located in New Orleans and P&O Ports Louisiana, the pension's largest contributing employer. The Board alleges that the Plan suffered damages of approximately $10 million due to the professional malpractice, negligent misrepresentations, and unfair trade practices of the Plan's former actuaries, defendants Gabriel, Roeder, Smith & Co. and Theora Braccialarghe.

1

NOEPA is an association of participants in the Plan.  NOEPA filed to intervene on June 19, 2006.  Magistrate Judge Wilkinson entered an order granting the intervention on July 26, 2006.  NOEPA filed a complaint against the Board alleging that their breach of fiduciary duty in failing to manage the Plan's assets and its actuaries caused the loss to the Plan.

I.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), a district judge reviews a magistrate judge's order on a non-dispositive matter and may set aside any part of the order "found to be clearly erroneous or contrary to law."

II.

The magistrate judge granted NOEPA's motion to intervene, finding that permissive intervention was proper because NOEPA's claim and that of the Board in this case "have a question of law or fact in common."  Fed. R. Civ. P. 24(b).  The claims of both parties focus on the loss of the Plan's value and the liability for the loss.  This Court agrees with the magistrate judge and finds the claims share questions of fact that would best be resolved in the same lawsuit.

The magistrate judge correctly noted the progress of the current case using factors listed in Fed. R. Civ. P. 24(b) and <u>Save</u>

Our Springs Alliance Inc. v. Babbitt, 115 F.3d 346, 347 (5th Cir. 1997) and considered whether the delay in intervention will prejudice the existing parties and the would-be intervenor and whether permitting the intervention will delay termination of the litigation.  Finding no substantive motions had been decided at that point and finding ample time left to complete discovery and adhere to the pre-trial schedule, the magistrate judge granted NOEPA's motion to intervene.

This Court does not find the magistrate judge's reasoning in granting the motion to intervene to be clearly erroneous.

III.

The Court may order separate trials for any claim or issue "in furtherance of convenience and to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed. R. Civ. P. 42(b); FDIC v. Selaiden Builders, Inc., 973 F.2d 1249, 1253 (5th Cir. 1992).  But the Court is not persuaded by the claim that NOEPA's intervention will cause prejudice or inconvenience to the parties.  As stated, ample time exists in the pretrial schedule to complete discovery and prepare for trial.  All claims of the parties center on the liability for the loss of value in the Plan, so the intervention is both convenient and conducive to economy.

Accordingly, the motion to reconsider and the motion to sever NOEPA's claims are DENIED.

New Orleans, Louisiana, September 13, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE